UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN F. MCGUIRE,

    Plaintiff,

v.                                  CASE NO.: 8:17-cv-299-T-23TBM

CITIZENS PROPERTY INSURANCE
CORPORATION et al.,

    Defendants.
_____/

**ORDER**

    Citizens Property Insurance Corporation moves (Doc. 13) unopposed to remand John F. McGuire's claims (Counts I through V) against Citizens.  The Eleventh Amendment prohibits a federal court's exercising supplemental jurisdiction against a non-consenting state agency.[*] *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89 (1984); *Raygor v. Regents of the Univ. of Minn.*, 534 US 533 (2001).  Under 28 U.S.C. § 1447(c), Citizens's motion (Doc. 13) is **GRANTED**.

    McGuire invokes (Count XI) original jurisdiction under the National Flood Insurance Act against Capitol Preferred Insurance Company, Inc., and invokes supplemental jurisdiction over the remaining state law claims (Counts VI through X and XII through XVII) against Capitol and O'Brien & Delzer, Inc.  Under 28 U.S.C.

---

[*] Section 627.351(6)(a)(1), Florida Statutes, states that Citizens is "a government entity that is an integral part of the state, and . . . is not a private insurer."

§ 1367(c), a district court may decline supplemental jurisdiction over a claim brought under Section 1367(a) "if . . . in exceptional circumstances, there are . . . compelling reasons for declining jurisdiction."

When deciding whether to decline jurisdiction a federal court must consider the factors of "judicial economy . . . [and] whether all the claims would be expected to be tried together". *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966); *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994). Judicial economy is best served by remanding the remaining state law counts (V through X and XII through XVII) to state court. "Indeed, the policy of supplemental jurisdiction is to support the conservation of judicial energy and avoid multiplicity in litigation . . . . Having a state court rehash issues that have already been argued in federal court is . . . likely to cause multiplicity in litigation." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th. Cir 2006). "Exceptional circumstances" and "compelling reasons" (for declining jurisdiction) exist when a federal court must adjudicate a state law claim while an identical claim pends in state court; exercising jurisdiction over the state law claim is "a pointless waste of judicial resources." *Hays County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir. 1992) (Higginbotham, J.).

The remanded state law claims (Counts I through V) against Citizens are substantially similar to the remaining state law claims against both Capitol and O'Brien. *See Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1328 (11th Cir. 2004) (emphasizing the desirability of avoiding piecemeal litigation across

a parallel state action and federal action). On the face of the complaint (the plaintiff fails to attach copies of the insurance policies), Counts I through V, VI through X, and XIII through XVII present apparently identical legal issues, dependent on the same facts and circumstances. Also, the plaintiff's allegation (Count XII) of bad faith against Capitol is intimately insinuated into the other state law claims. Similar claims are normally and beneficially tried together. The issues in this case "derive from a common nucleus of operative fact," 383 U.S. 715 at 725, specifically, damage to the plaintiff's property from Hurricane Hermine and the defendants' alleged wrongs. Because the federal court lacks jurisdiction to entertain the supplemental claims against Citizens, *Gibbs* anticipates the state court's hearing the remaining state law claims against Capitol and O'Brien.

McGuire attempts his sole federal claim (Count XI) under the National Flood Insurance Act (NFIA). A federal court has exclusive jurisdiction over an action for breach of an insurance policy issued under the NFIA. *Hairston v. Travalers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 (11th Cir. 2000). Also, Count XI fails to state a claim. First, McGuire fails to specify under which section of the statute he sues. Second, McGuire's conclusory allegations in Count XI lack the requisite specificity and are merely "threadbare recital[s]" of the elements of a generic claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Accordingly, no later than **APRIL 21, 2017**, McGuire must amend the complaint to state a claim under the NFIA against Capitol. Counts I, II, III, IV, and

V against Citizens; Counts VI, VII, VIII, IX, X, and XII against Capitol; and Counts XIII, XIV, XV, XVI, and XVII against O'Brien are **SEVERED** and **REMANDED**. The clerk is directed to mail, as required by 28 U.S.C. § 1447(c), a certified copy of this order to the clerk of the Circuit Court for Hernando County County.

ORDERED in Tampa, Florida, on April 6, 2017.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE